Fremont-Smith, Thayer, J.
Plaintiff Parexel International Corporation (“Parexel”), brings this action against defendant, Nayan Nanavati (“Nanavati”), for violation of his non-competition, non-solicitation and confidentiality obligations in his Key Employee Agreement. Parexel seeks a preliminary injunction to prevent Nanavati from working for Clinsys Clinical Research, Inc. (“Clinsys”), a direct competitor, or its affiliated company, Jubilant Organosys Ltd. or any other business which is in direct competition with Parexel until the one-year term of his non-competition agreement ends, from disclosing any of Parexel’s confidential or proprietary information, and from hiring, soliciting, interfering with, or endeavoring to entice away any employee of Parexel for himself or any other business in direct competition with Parexel.
At the hearing on this motion, it was not disputed that Parexel and Clinsys are direct competitors in the field of pharmacological research for the purpose of the development of new pharmaceutical products and medical devices. They compete for the same clients, including major pharmaceutical and bio technical firms. Both corporations are engaged in research, development and other activities relating to trials of pharmaceuticals.
At the time Nanavati quit Parexel on January 15, 2010 he was a Corporate Vice President and member of the Executive Committee. He had been employed at Parexel for approximately seven years. In his executive positions, he became intimately knowledgeable of Parexel’s proprietary business processes, its research, its customers and clients, the strengths and weaknesses of the company with respect to its business model and to its selling and performing pharmacology. The knowledge that he gained in his executive positions with Parexel is not known outside of the company and is vigorously protected and kept confidential by Parexel. At Parexel he became a well-known and well-regarded person in the industry and enhanced Parexel’s good will.
When Nanavati resigned from Parexel he accepted a position with Clinsys similar to the one he held at Parexel.
To obtain a preliminary injunction, Parexel must show: (1) that Parexel has a reasonable likelihood of success on the merits; (2) that Parexel will suffer irreparable harm if the injunction is denied; (3) that the harm Parexel will suffer if the injunction is denied outweighs any injury Nanavati will suffer if the injunction is granted. Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980).
It appears that Nanavati is in violation of his “Key Employee Agreement” wherein he agreed, for a period of one year after his employment by Parexel, not to become employed by any business that is in competition with Parexel and agreed not to endeavor to hire employees of Parexel to work at a competitive company. It appears that Clinsys and its affiliated company Jubilant Organosys Ltd. are competitive companies and that Nanavati’s new employment will *427 cause Parexel irreparable injury. The one-year non-compete and the other restrictions in the Key Employee Agreement, are reasonable in scope and direction.
Nor does it appear likely that it will be shown that the Key Employee Agreement became mutually abandoned and rescinded because of any material change in the terms and conditions of Nanavati’s employment at Parexel when, in 2007, he became a Vice President and a member of Parexel’s Executive Committee. See: Astro-Med, Inc. v. Nihon Kahden America, Inc., 2009 WL 3384786 (1st Cir. 2009).
In short, Parexel has demonstrated that it has a reasonable likelihood of success on the merits and will suffer irreparable harm if the injunction is denied; and that the threatened harm to Parexel if the injunction is denied outweighs any injury that Nanavati will suffer if the injunction is granted.[1]
ORDER
Pending the resolution of this case or further order of the Court, the defendant, Nayan Nanavati, is, in accordance with the terms and conditions of the Key Employment Agreement, preliminarily enjoined and restrained from:
(1) Disclosing any of Parexel’s confidential or proprietary information to anyone outside of Parexel.
(2) Prior to January 11, 2011, Nanavati is enjoined and restrained from, without Parexel’s prior express written consent, engaging in, having an interest in, being employed by or being in any way, directly or indirectly connected with (other than by virtue of ownership of less than 2% of the outstanding capital stock of any class of a publicly-traded company) any business that is in competition with Parexel and from engaging in any research, development or other activity relating to any products or services similar to those under research, or being developed, produced, provided, or marketed by Parexel. However, the foregoing prohibition shall not be deemed to prohibit Nanavati from accepting employment with corporations or business entities in the pharmaceutical, biotechnology or medical device industries or medical institutions such as hospitals, provided, however, that such corporation or business entity is not engaged in the business of providing services similar to those provided by Parexel or is not hiring Nanavati in order to begin engaging in the business of providing services similar to those provided by Parexel.
(3) Prior to January 11, 2011, Nanavati is enjoined and restrained from, without Parexel’s prior express written consent, hiring, soliciting, interfering with or endeavoring to entice away any employee of Parexel by or for any other business or entity that conducts research concerning, develops, markets or produces products or provides services similar to those of Parexel.
(4)Nanavati is ordered, within ten days, to deliver to Parexel all documents or other materials in his custody, possession or control relating to his work with Parexel or any reproduction thereof or anything containing any, or relating to any, confidential information as defined in the Key Employment Agreement.

In this regard, it was conceded at argument that if Nanavati’s employment by Clinsys is enjoined for one yé&r, he will nevertheless continue to be paid compensation by Clinsys during the period of the injunction. Not only does this negate any harm to Nanavati from the issuance of the injunction but, for the same reason, eliminates the need for plaintiff to post a bond.